1  WILLIAM R. TAMAYO -- #084965 (CA)
   JONATHAN T. PECK -- #12303 (VA)
2  CINDY O'HARA -- #114555 (CA)
   EQUAL EMPLOYMENT OPPORTUNITY
3    COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, California 94105-1260
5  Telephone: (415) 625-5653

6  Attorneys for Plaintiff

E-filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C 12 4723 DMR

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| v. | Civil Rights - Employment Discrimination |
| UNITED PARCEL SERVICE, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin/religion and retaliation and to provide appropriate relief to Charging Party Talal Alfour who was adversely affected by such practices. Charging Party Alfaour, a Jordanian Muslim Arab, was discriminated against because of his national origin and religion, and was retaliated against for engaging in protected activity.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

1 §2000e-5(f)(1) and (3) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. Venue is proper in the United States District Court for the Northern District of California because the unlawful employment practices alleged herein were committed in the State of California, in the County of San Mateo, California, within the jurisdiction of the United States District Court for the Northern District of California. Venue is therefore proper in the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Francisco/Oakland Division of this Court because the unlawful employment practices alleged were committed within San Mateo County, within the jurisdiction of the San Francisco/Oakland Division.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission (Commission) is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, §2000e-5(f)(1) and (3).

5. Defendant United Parcel Service, Inc. (Defendant) is a Delaware corporation, doing business in the State of California, in the County of San Mateo, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

//
//
//
//

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

### Violation of Title VII: Discrimination Based on National Origin and Religion

7. More than thirty days prior to the institution of this lawsuit, Charging Party Talal Alfaour (Charging Party) filed a charge with Plaintiff Commission alleging violations of TitleVII of the Civil Rights Act of 1964 by Defendant UPS. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2004, Defendant has engaged in employment practices in violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a) by subjecting Charging Party to discrimination, including but not limited to discriminatory harassment, on the basis of his national origin and religion. Said discrimination was perpetrated by both supervisors and co-workers of Charging Party, and included but was not limited to adverse work assignments, assignments to more difficult job tasks, excessive scrutiny of his work, and derogatory comments to and slurs against Charging Party because of his Arab national origin and Muslim religion. Examples of such comments and slurs include but are not limited to repeatedly calling Charging Party "Osama Bin Laden," "Taliban," and "Doctor Bomb;" telling Charging Party that he could not work with hazardous materials because he "would blow the place up," and asking Charging Party if he had placed a bomb under the time clock, or had a bomb under his jacket; throwing projectiles at Charging Party, including rocks, bottles, a metal rod, and a metal hook used to move boxes; placing a dead mouse in Charging Party's lunch bag; and subjecting Charging Party to other treatment not perpetrated against employees not of his national origin or religion.

9. The effect of the actions complained of in paragraph 8 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin and religion.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## SECOND CLAIM FOR RELIEF

### Violation of Title VII: Discrimination Based on Retaliation

12. Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through 8 above as though fully set forth herein.

13. On multiple occasions from 2004 to present, Charging Party opposed the discriminatory actions taken against him based on his national origin and/or religion through complaints directly to his supervisors and other management officials of Defendant, through the filing of union grievances, and through the filing of three Charges of Discrimination with Plaintiff Commission.

14. As a result of the actions referenced in paragraph 14, Charging Party was retaliated against in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). Said retaliation included but was not limited to involuntary transfers, adverse work assignments, assignments to more difficult job tasks, excessive scrutiny of his work, escalation of harassment, and other adverse actions.

15. The effect of the actions complained of in paragraphs 13 and 14 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin and religion.

16. The unlawful employment practices complained of in paragraphs 13 and 14 above were intentional.

17. The unlawful employment practices complained of in paragraphs 13 and 14 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents,

successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on national origin and/or religion and retaliation.

    B.    Order Defendant to institute and carry out policies, practices, and programs which prohibit discrimination based on national origin and/or religion and retaliation, and which eradicate the effects of its unlawful employment practices.

    C.    Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

    D.    Order Defendant to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above including, but not limited to, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Charging Party punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court may deem just and proper in the public interest.

//
//
//
//
//
//
//
//
//

1   H.   Award the Commission its costs of this action.

## DEMAND FOR JURY TRIAL

The Commission demands a jury trial on all questions of fact raised by its complaint.

                                                P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Date: September 11, 2012

_____
WILLIAM R. TAMAYO
Regional Attorney

Date: September 11, 2012

_____
JONATHAN PECK
Supervisory Trial Attorney

Date: September 11, 2012

_____
CINDY O'HARA
Senior Trial Attorney

**Equal Employment Opportunity Commission**
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260